﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190604-14622
DATE: August 31, 2020

ORDER

Entitlement to a rating in excess of 10 percent for left knee osteoarthritis (limitation of flexion) is denied.

FINDING OF FACT

The preponderance of the evidence is against a finding that the left knee manifested with recurrent subluxation or lateral instability, dislocated semilunar cartilage, removal of semilunar cartilage, limitation of flexion to 30 degrees or less, or limitation of extension to 10 degrees or more.

CONCLUSION OF LAW

The criteria for a rating in excess of 10 percent for left knee osteoarthritis (limitation of flexion) have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code (DC) 5003-5260.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1980 to April 1986 and from August 1990 to December 1990. 

Increased Rating

Entitlement to a rating in excess of 10 percent for left knee osteoarthritis (limitation of flexion).

The Veteran filed a claim for an increased rating for his left knee disability in November 2018. In the March 2019 rating decision on appeal, the Veteran’s 10 percent rating for left knee osteoarthritis, limitation of flexion, was continued, and service connection for left knee osteoarthritis, limitation of extension, was granted a 0 percent rating under DC 5003-5261. The left knee disability is rated under DC 5003-5260 for limitation of flexion and painful motion. See 38 C.F.R. § 4.59. In evaluating the Veteran's level of disability, the Board will consider all applicable DCs.

Under DC 5003, degenerative changes established by x-ray findings are rated on the basis of limitation of motion under the appropriate DC for the specific joint involved.

Under DC 5260, limitation of flexion of the knee to 45 degrees warrants a 10 percent rating. Limitation of flexion of the knee to 30 degrees warrants a 20 percent rating. Limitation of flexion of the knee to 15 degrees warrants a 30 percent rating. See 38 C.F.R. § 4.71a, DC 5260.

The Veteran contends his left knee disability has worsened to warrant a higher rating. 

The Board has carefully reviewed the evidence of record and finds that the preponderance of the evidence is against the award of an increased rating in excess of 10 percent for a left knee disability. The reasons follow.

At the outset, the Board notes that the evidence does not support an award for an increased rating at any point of the appeal period for the left knee under DC 5256 for ankylosis of the knee; DC 5259 for removal of cartilage; DC 5262 for impairment of tibia and fibula, or; DC 5263 for genu recurvatum as none of these disabilities have been demonstrated by the medical evidence. 38 C.F.R. § 4.71a, DCs 5256, 5259, 5262, 5263. While the Veteran underwent surgery on his knee, this was to repair his ACL.

A February 2016 VA treatment record showed no left knee fracture dislocation, no evidence of left suprapatellar effusion, and no abnormal soft tissue calcification, and knee joint space was unremarkable.

A December 2018 VA examination documented left knee flexion to 100 degrees, and left knee muscle strength as 5 out of 5 for flexion. The Veteran did not report any flare-ups. He reported functional impairment of difficulty walking and standing for period of time, hard time running, difficulty walking up and down stairs, and a hard time bending over to do lifting. The examiner documented pain affected the range of motion; therefore, the range of motion took pain into consideration. The Veteran was able to perform repetitive use testing with at least three repetitions, and there was no additional loss of range of motion after three repetitions. This is evidence against flexion limited to 30 degrees to warrant a 20 percent rating based on limitation of flexion.

The Board has considered whether other diagnostic codes would provide for a higher rating or a separate rating. The Board finds, however, that the preponderance of the evidence is against a finding that the Veteran has instability in the left knee. Dr. Solman Jr. documented intraoperative Lachman test was negative for instability on the November 2018 private operative report. Additionally, in the December 2018 VA examination report, the examiner found normal findings when performing the Lachman anterior instability test, posterior drawer test for posterior instability, medial-lateral instability testing, and no evidence of recurrent patellar subluxation/dislocation. Thus, medical professionals have found no instability in the left knee. The Veteran has not alleged instability in the left knee either when having his knee evaluated or when seen by medical professionals. Accordingly, the Veteran is not entitled to a separate rating for instability of the right knee under DC 5257.

Under DC 5258, a 20 percent rating is warranted for cartilage, semilunar dislocated, with frequent episodes of locking, pain, and effusion into the joint. This rating is the only one available for this diagnostic code.

The Board finds the preponderance of the evidence is against entitlement to a 20 percent rating under DC 5258. Specifically, the December 2018 VA examiner marked “no” regarding a history of meniscus (semilunar cartilage) condition for the Veteran. The private and VA medical records do not document history of a meniscus condition. 

Under DC 5261, limitation of extension of the knee to 5 degrees warrants a zero or noncompensable rating. Limitation of extension of the knee to 10 degrees warrants a 10 percent rating. Limitation of extension of the knee to 15 degrees warrants a 20 percent rating. Limitation of extension of the knee to 20 degrees warrants a 30 percent rating. Limitation of extension to 30 degrees warrants a 40 percent rating, and extension limited to 45 degrees warrants a 50 percent rating.

Dr. Corey Solman Jr. documented the left knee came to full extension without any capture of the joint on a November 2018 private operative report. The December 2018 VA examiner documented extension to 5 degrees, and left knee muscle strength on extension was rated 5 out of 5. The examiner documented pain affected the range of motion; therefore, the range of motion took pain into consideration. This is evidence against entitlement to a separate, compensable rating for limitation of extension of the left knee.

The Veteran submitted interior knee photos in June 2019, but no information about what is shown was provided; therefore, there is nothing of record showing these photos entitle the Veteran to a higher rating under any DC. 

The Board has considered the effects of the Veteran’s symptoms, including pain and functional loss, and the Board concludes that the preponderance of the evidence is against a finding of limitation of flexion of the right knee to 30 degrees, which is the criteria needed for a 20 percent rating. Examination results throughout the appeal period show that the Veteran had normal muscle strength and joint stability testing results in his left knee, and had flexion to, at worst, 100 degrees. Taking into account the evidence of record indicating the Veteran’s regular complaints of pain and other findings of functional loss, the Board finds that the evidence does not reflect that such pain and functional limitations resulted in limitation of flexion of the left knee to 30 degrees o right less, which would be required for a finding that the Veteran was entitled to a 20 percent disability rating. Thus, a higher rating under the provisions of 38 C.F.R. §§ 4.40, 4.45, and 4.59 criteria is not approximated in the Veteran’s disability picture for this appeal period.

In sum, the evidence does not show that a disability rating in excess of 10 percent for a left knee disability is warranted. As the preponderance of the evidence is against the claim for a higher rating, the benefit of the doubt doctrine is not for application, and the Veteran’s claim for an increased rating is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. McDaniels, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.